**YU QUAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 05–2153–AG.**

United States Court of Appeals, Second Circuit.

May 19, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Alexander K. Yu, New York, New York, for Petitioner.

Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands; Jason T. Cohen, Assistant United States Attorney, St. Thomas, Virgin Islands, for Respondent.

PRESENT: CHESTER J. STRAUB, SONIA SOTOMAYOR, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Yu Quan Chen, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") March 21, 2005 order denying her motion to reconsider and reopen the BIA's April 21, 2003 decision. The BIA had previously dismissed Chen's appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion.

*Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Chen's motion to reconsider and reopen, as Chen's motion merely repeated arguments that the BIA had previously rejected. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Moreover, Chen did not establish that her daughter's affidavit was previously unavailable and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.